**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2912
_____

DARUS LEON HUNTER; KENYA JUANITA SHUJAA,
Appellants

v.

CITY OF PHILADELPHIA; ROBERT SCHUTTE;
MICHAEL NAVEDO; MICHAEL MELVIN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-17-cv-00889)
District Court Judge: Honorable Timothy R. Rice
_____

Argued December 13, 2022
_____

Before: RESTREPO, McKEE, and SMITH, *Circuit Judges*

(Opinion filed:  September 21, 2023)

David Costigan **[ARGUED]**
John P. McClam **[ARGUED]**
Monica Gorny
Dechert
2929 Arch St
18th Floor, Cira Centre
Philadelphia, PA 19104

Jennifer MacNaughton **[ARGUED]**
City of Philadelphia
Law Department

1515 Arch St
Philadelphia, PA 19102
      *Counsel for Appellees*

———————

OPINION[*]

———————

McKEE, *Circuit Judge*.

In the late-night hours of September 13 into September 14, 2015, two police officers arrived at the Philadelphia home of Darus Hunter and Kenya Shujaa in response to a custody-related complaint made by the mother of one of Hunter's children. Disturbed by the police officers' presence, Hunter and Shujaa called 911 to report them. This set off a series of events wherein the officers visited the home more than once. On the second visit, Hunter and Shujaa allege that one of the officers forcibly entered their home, striking Shujaa in the belly in the process. She was pregnant. Three days later, Shujaa was rushed to the hospital where she suffered a miscarriage. Hunter and Shujaa thereafter filed this suit against the officers. Their complaint alleged retaliation for the 911 call, an unreasonable search, and trespass. The jury returned a verdict in favor of the officers on all three claims.

On appeal, Hunter and Shujaa challenge the District Court's pretrial evidentiary ruling that (1) excluded Shujaa's medical records about her miscarriage and (2) admitted evidence and allowed argument regarding Shujaa's marijuana use. For the following

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

reasons, we will reverse the District Court's pretrial order, vacate the District Court's judgment, and remand the case for a new trial.[1]

## I.

Hunter and Shujaa claim that the District Court erred in admitting evidence and the subsequent argument about Shujaa's marijuana use. They argue that the defendants insinuated that Shujaa's marijuana use caused the miscarriage, which was highly prejudicial considering societal stigma around pregnant women's marijuana use.[2] The officers counter that they had the right to present Shujaa's marijuana use as an alternative theory of causation for the miscarriage.[3] We review the District Court's decision to admit evidence of Shujaa's marijuana use for abuse of discretion.[4] Also, we will not disturb the District Court's conclusion unless it is arbitrary or irrational.[5]

---

[1] The United States District Court for the Eastern District of Pennsylvania had jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291.

[2] Hunter and Shujaa also assert that the District Court "injected the issue" into the defense expert's cross examination. Appellant Br. at 35. Indeed, during the defense expert's testimony, the District Court—quizzically—raised this matter with the expert *sua sponte*. The District Court specifically asked the defense expert to comment on the impact (if any) of Shujaa's marijuana use in the case.

[3] Moreover, the officers claim that the District Court's decision should be upheld because Hunter and Shujaa failed to request a "limiting or curative" instruction at trial. Appellee Br. at 37. We are unpersuaded. It is true that a limiting instruction may have either cured or minimized the risk of unfair prejudice to the plaintiffs. *See Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 526 (3d Cir. 2003). Here, however, the District Court had already considered Hunter and Shujaa's arguments regarding the prejudicial effect of allowing evidence of the marijuana use at trial. It nevertheless decided that the evidence was admissible. As such, seeking a limiting instruction would likely have been futile.

[4] *United States v. Starnes*, 583 F.3d 196, 213–14 (3d Cir. 2009) (citations omitted).

[5] *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995) (citation omitted).

3

The District Court's decision was indeed arbitrary. Although the District Court determined that evidence of the marijuana use was probative to "test the basis of the expert opinion,"[6] the parties' experts never disputed whether marijuana use caused Shujaa's miscarriage. In their respective reports, Dr. Cohen (plaintiffs' expert) explicitly stated that he did not believe that marijuana caused the miscarriage, while Dr. Holden (defense expert) did not discuss marijuana at all. Accordingly, evidence and argument regarding marijuana use had no probative value. Yet, it carried a great risk of causing unfair prejudice.[7] Given that marijuana use during pregnancy is stigmatized and remains a contentious issue,[8] it is conceivable that the jury found the officers were not liable in large part due to negative or misplaced reactions about Shujaa's marijuana use.

---

[6] JA 003–004 (citations omitted).

[7] Additionally, in the officers' response to the plaintiffs' motion in limine to exclude evidence of Shujaa's marijuana use, they referenced an article from the National Institute of Child Health and Development (NICHD) stating that marijuana use is a risk factor for pregnancy and can result in stillbirths. However, the NICHD itself notes that the term "stillbirth" refers to "the death of a fetus at or after the 20th week of pregnancy." https://www.nichd.nih.gov/health/topics/stillbirth. Shujaa's medical records definitively establish that she was 18 weeks into her pregnancy when she miscarried. Thus, even if the experts disputed the import of Shujaa's marijuana use in this case, this article would not be dispositive.

[8] *See generally* Centers for Disease Control and Prevention, *Pregnancy: What You Need to Know about Marijuana Use and Pregnancy*, https://perma.cc/BD2T-ZUAV (last visited Sept. 3, 2023); Melinda Wenner Moyer, *Cannabis Use in Pregnancy May Lead to a More Anxious, Aggressive Child*, N.Y. TIMES (Nov. 19, 2021), https://perma.cc/AK5J-PB69 (last visited Sept. 3, 2023); Janet Burns, *Using Cannabis While Pregnant Does Not Impair Children's Cognition, Decades Of Studies Suggest*, FORBES (May 29, 2020), https://perma.cc/J2VE-M9BF (last visited Sept. 3, 2023).

Therefore, the District Court abused its discretion in admitting this evidence, and this abuse of discretion was not harmless error.[9]

## II.

For the above reasons, we will reverse the District Court's pretrial order, vacate the District Court's judgment, and remand the case for a new trial.[10]

---

[9] *See United States v. Stadtmauer,* 620 F.3d 238, 265–66 (3d Cir. 2010) (quoting *United States v. Helbling*, 209 F.3d 226, 241 (3d Cir. 2000) ("A non-constitutional error at trial does not warrant reversal where 'it is highly probable that the error did not contribute to the judgment.'")).

[10] Given that we are remanding this case for a new trial because of the District Court's error in admitting evidence/argument on Shujaa's marijuana use, we need not address whether the District Court erred in excluding Shujaa's medical records. However, we note that if, on remand, either party seeks to admit the medical records, they should specify which portion of the records they deem relevant under Fed. R. Evid. 401. Furthermore, we urge the District Court to consider any such request under Fed. R. Evid. 403 and "explain its reasoning on the record." *United States v. Heatherly*, 985 F.3d 254, 265 (3d Cir. 2021) (citing *United States v. Finley*, 726 F.3d 483, 491 (3d Cir. 2013)).